IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA, ex rel. )
DONNA L. WILSON, Receiver, )
                                        )
          Plaintiff, )
                                        )
vs. )    NO. CIV-17-0484-HE
                                        )
AXIOM RE, LP, et al., )
                                        )
          Defendants. )

## ORDER

Defendants have moved to strike the requests for punitive damages and for attorneys fees in the Second Amended Complaint. They argue that punitive damages are a form of special damages within the meaning of Fed.R.Civ.P. 9(f) which must be specifically stated in the complaint. They argue the complaint does not state facts sufficient to warrant recovery of punitive damages under Oklahoma law and therefore seek to strike the reference to punitive damages in the plea for relief, based on Fed.R.Civ.P. 12(f), or, alternatively, to dismiss it based on Fed.R.Civ.P. 12(b)(6). The Receiver objects to the motions and has also moved for leave to further amend his complaint by adding "facts and references to . . . punitive damages" which he contends make plaintiffs' motions moot.

The courts have wrestled with the general issues raised by these motions and have reached inconsistent results. However, the court's determination here is guided by several basic principles. First, a request for punitive damages is not a "claim for relief" nor is it a separate cause of action. Coll v. First Am. Title Ins. Co., 642 F.3d 876, 901 (10th Cir.

2011).  As a result, a 12(b)(6) motion, which tests whether a basis for claim is stated, is not a proper means of challenging the propriety of a request for punitive damages.  *See* <u>SAB One, Inc. v. Travelers Indem. Co.</u>, No. CIV-14-1085-D, 2014 WL 6901741 at *2 (W.D. Okla. Dec. 5, 2014); <u>Dowdy v. Coleman Co.</u>, No. 1:11CV45DAK, 2011 WL 6151432 at *4 (D. Utah 2011) ("It is improper to try to dismiss punitive damages under the standards for judging Rule 12(b)(6) motions.").

Second, Rule 9(g) requires that, if an "item of special damage" is claimed, it must be specifically stated.  Special damages are ones which are a natural, but not necessarily usual or obvious, consequence of defendant's conduct and where the basis for the damages depends on something unique to the particular case.  5A WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1310 (3d. ed. 1998).  While the decisions are not of one accord, the court concludes punitive damages do not generally qualify as "special" damages within the meaning of this rule, hence the Rule 9(g) standard has no application to the present dispute.  *See* <u>Dowdy</u>, supra at 5.

Third, a motion to strike pursuant to Fed.R.Civ.P. 12(f) may challenge "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Only the "immaterial" element appears potentially applicable here and it is difficult to see how a request for relief which is theoretically available for the underlying negligence claim at issue could somehow be "immaterial."  Concluding otherwise would, in substance, treat the request for punitive damages as a "claim for relief", which it is not.  And in light of that conclusion, it is also difficult to see how plaintiff's requested clarifying amendment could be viewed as "futile."

The court concludes defendants' effort to resolve, at the pleading stage, the availability of punitive damages should be rejected. It may well be that the Receiver will be unable to produce evidence sufficient to get the punitive damages issue to a jury. But that is a determination appropriate for summary judgment rather than trying to force the issue now as a matter of pleading sufficiency.[1]

Leave to amend should be freely given unless there is a good reason to do otherwise. *See* Fed.R.Civ.P. 15. Defendants have not presented any such reason, nor can the court discern any unfair prejudice to the defendants from permitting the amendment. There is no suggestion of surprise to the defendants nor is there any apparent basis for concluding that discovery will proceed any differently depending on whether punitive damages are, or are not, on the table.

Finally, to the extent that defendants' motion challenges the potential recovery of attorneys fees by the prevailing party, the court concludes that determination should be deferred until we have one.

In any event, for the reasons stated, plaintiff's motion for leave to amend [Doc. #89] is **GRANTED**. The proposed amended complaint shall be filed within seven days. Defendants' motions to strike [Doc. Nos. 85 & 87] are **DENIED**.

**IT IS SO ORDERED.**

---

[1] *It is also important to remember that pleading sufficiency is a matter of federal law. 5 WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1204 (3d. ed. 1998).*

Dated this 8th day of March, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE